**Ramon Espinoza GONZALEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–70989.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.[*]

Decided Aug. 1, 2006.

Richard Mendez, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM [**]

Ramon Espinoza Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo

claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

Espinoza Gonzalez contends the IJ violated due process by relying on "impermissible factors" to deny his cancellation of removal application. Contrary to Espinoza Gonzalez's contention, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

To the extent Espinoza Gonzalez contends the BIA did not adequately explain its decision, we do not reach the contention because we lack jurisdiction to review the merits of the decision. *See Fernandez v. Gonzales*, 439 F.3d 592, 604 (9th Cir.2006) (because court lacks jurisdiction to review hardship determination, court will not evaluate whether hardship determination was adequately explained).

**PETITION FOR REVIEW DENIED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.